DA 09-0116

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 316N

DONALD SCOTT DOELY,

      Petitioner and Appellant,

   v.

STATE OF MONTANA, on behalf of the
Department of Justice, Motor Vehicle
Division, Driver Improvement Bureau,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 08-700
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Bradley J. Finn, Attorney at Law, Billings, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney; Robert Spoja, Deputy
County Attorney, Billings, Montana

Submitted on Briefs:  August 26, 2009
Decided:  September 22, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Donald Scott Doely appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, denying his petition to reinstate his driver's license. We affirm.

¶3 At approximately 3:05 a.m. on May 6, 2008, Yellowstone County Deputy Sheriff Korb observed a white pickup truck, with its lights off, parked in the parking lot of the Pryor Creek Bar and Café. The business was closed at that time. Deputy Korb parked his patrol car behind the pickup, got out, and approached the driver's side window of the pickup. He observed Doely, who was apparently sleeping behind the steering wheel.

¶4 Deputy Korb was able to rouse Doely after knocking several times on the truck window. Doely struggled to turn on the light in the cab and open the window. Eventually he opened the door and spoke with Deputy Korb. When Korb inquired whether Doely was okay, he said that he was fine, and that he had parked his truck in the lot to sleep. Deputy Korb observed that Doely's speech was slurred, his eyes were red and glassy, and that he smelled of alcohol. Deputy Korb also noticed a quarter-full bottle

2

of beer and an empty bottle of bourbon in the truck. At all times during this exchange, the key to the pickup was in the ignition.

¶5 Deputy Korb asked Doely to exit his vehicle and perform field sobriety tests. Doely refused to get out for approximately twenty minutes. Finally, after Deputy Korb placed Doely under arrest, he got out of the truck. Deputy Korb then transported Doely to the Yellowstone County Detention Center. After the Montana Implied Consent Advisory was read to Doely, he refused to provide a breath sample. Doely's driver's license was subsequently suspended pursuant to § 61-8-402(4), MCA.

¶6 Doely filed a petition pursuant to § 61-8-403(1), MCA, to have his license reinstated. After a hearing, the District Court denied his petition. Doely now appeals the judgment of the District Court.

¶7 On appeal, Doely contends that the District Court erred in concluding that Deputy Korb had a particularized suspicion to conduct an investigatory stop pursuant to § 46-5-401, MCA. Next, Doely argues that the District Court erred in concluding that Deputy Korb's investigative stop was justified under the community caretaker doctrine exception to the warrant requirement.[1] Lastly, Doely maintains that the District Court erred in concluding that Deputy Korb had probable cause to arrest Doely for being in "actual physical control" of his vehicle while under the influence of alcohol. For these reasons,

---

[1] Because we conclude that Deputy Korb had a particularized suspicion to wake Doely and ask him simple questions, we need not address Doely's argument concerning the community caretaker doctrine.

3

Doely maintains that the District Court erred in denying Doely's petition to reinstate his driver's license under § 61-8-403, MCA.

¶8 We review a district court's ruling on a petition to reinstate a driver's license to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Brown v. State*, 2009 MT 64, ¶ 8, 349 Mont. 408, 203 P.3d 842. A suspension of a driver's license is presumed to be correct, and the appellant has the burden of establishing that the suspension was improper. *Kleinsasser v. State*, 2002 MT 36, ¶ 10, 308 Mont. 325, 42 P.3d 801. The "reasonable grounds" requirement contained in § 61-8-403(4)(a)(i), MCA, is the equivalent of "particularized suspicion" as defined in § 46-5-401, MCA. *Kleinsasser*, ¶ 11.

¶9 We conclude that the District Court did not err when it found that Deputy Korb had a particularized suspicion that justified his knocking on the window of Doely's pickup, waking him, and asking him if he was okay and what he was doing there.

¶10 Section 46-5-401, MCA, provides in pertinent part:

> In order to obtain or verify an account of the person's presence or conduct or to determine whether to arrest the person, a peace officer may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense.

Section 46-5-401(1), MCA.

¶11 At 3:05 a.m., Doely's truck was observed parked in a public parking lot in front of a bar that was closed. Deputy Korb stopped to check and see if there was criminal activity taking place. When Deputy Korb approached, he saw a man in the pickup truck

4

sitting back in the driver's seat with his head tilted back, who appeared to be sleeping. The deputy knocked on the window to wake the man up. Doely was difficult to wake. When he was successful in waking Doely, Deputy Korb asked him if he owned the business or worked there in order to obtain an account of his presence and his conduct. We conclude that under these circumstances a trained peace officer had a particularized suspicion that the person in the vehicle may be involved in some criminal activity.

¶12 When Doely responded to his inquiry if he owned the business or worked there, Korb smelled the odor of an alcoholic beverage, heard slurred speech, saw alcohol containers, and the key to the pickup was in the ignition. When Korb asked him what he was doing there, Doely stated he had just stopped at the bar. This indicates that Doely had been driving the pickup. We conclude that under these circumstances Korb had probable cause to arrest Doely for being in actual physical control of his pickup truck while under the influence of alcohol.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Our standard of review is clearly controlled by settled Montana law, and there clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law.

¶14 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS